**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

JEAN MOKLED,

*Plaintiff*,

v.

THE GENERAL AUTOMOBILE INSURANCE SERVICES, INC.,

*Defendant*.

Case No. ___________

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, and Local Rule 7.2 of this Court, The General Automobile Insurance Services, Inc. ("The General"), by and through its counsel of record, hereby removes the above-entitled civil action, and all claims and causes of action therein, from the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-25-015475, to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendant states as follows:

## I. Procedural History and Plaintiff's Allegations

1. On October 9, 2025, Plaintiff Jean Mokled ("Plaintiff") filed a civil action captioned *Mokled v. The General Automobile Insurance Services, Inc.*, Case No. CACE-25-015475, in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, asserting a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and its implementing regulation, 47 C.F.R. § 64.1200. *See* **Exhibit A**.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice

as **Exhibit C**. The Register of Actions from the State Court Action is attached to this Notice as **Exhibit B.**

3. This claim arises from texts allegedly made to Plaintiff at a phone number listed on the National Do Not Call Registry without consent. *See* **Exhibit A**, ¶¶ 12–13. Defendant denies any wrongdoing.

4. Defendant was purportedly served with copies of the Summons and Complaint on October 15, 2025. *See* **Exhibit C**, pp. C-17 through C-20.

5. On November 3, 2025, The General filed an unopposed motion for extension of time to respond to the Complaint. *See* **Exhibit C**, pp. C-21 through C-23.

## II. <u>Grounds for Removal</u>

6. A civil action commenced in state court can be removed to federal district court provided that the federal district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).

7. The federal district courts "have original jurisdiction of all civil actions arising under the" laws of the United States. 28 U.S.C. § 1331.

8. While Defendant denies all allegations made by Plaintiff in the Complaint, the Complaint alleges that Defendant violated the federal TCPA and its accompanying regulations when it placed phone calls to Plaintiff. *See* **Exhibit A**, ¶¶ 33–40. Federal district courts have jurisdiction over TCPA claims because they "arise[] under" the laws of the United States. *Mims v. Arrow Financial Services LLC*, 565 U.S. 368, 376–77 (2012); *see also Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. [Citation] It is established that federal courts have subject matter jurisdiction over TCPA

claims.") (internal citation omitted). Therefore, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is removable by Defendant under 28 U.S.C. § 1446(b)(1).

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. The United States District Court for the Southern District of Florida is an appropriate venue for removal under 28 U.S.C. §1441(a), because (1) this action was brought in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, which is in the same District as the United States District Court for the Southern District of Florida; (2) Plaintiff alleges that they are "a resident of Broward County, Florida;" and (3) Plaintiff alleges that The General "directs, markets, and provides its business activities" and "marketing scheme" to Broward County, Florida. *See* **Exhibit A**, ¶¶ 8, 9.

## III. <u>Compliance with Statutory Requirements</u>

11. In accordance with 28 U.S.C. § 1446 and S.D. Fla. Local 7.2, attached hereto as **Exhibit C** are copies of all pleadings served upon the Defendant, along with copies of all records filed with the Court in the state action.

12. Defendant's removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff serving Defendant with the Complaint, the first pleading in this Action, purportedly on October 15, 2025. *See* **Exhibit C**, pp. C-17 through C-20.

13. No prior notices of removal have been filed in this Action.

14. Defendant will promptly serve a copy of this Notice upon all counsel of record in the State Court Action and will file a copy of this Notice with the Clerk of the Court in the State Court Action pursuant to 28 U.S.C. § 1446(d).

15. As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendant now timely and respectfully removes the State Court Action to this Court.

## IV. Defendant Does Not Waive Any Defenses

16. By removing this Action, Defendant does not waive any claims, rights, defenses, or objections, including, without limitation, any challenges to personal jurisdiction, process, or service of process, motions to dismiss pursuant to Fed. R. Civ. P. 12, or motion to compel arbitration, which were available in the Superior Court or otherwise.

17. Defendant does not admit any of the allegations in Plaintiff's Complaint.

18. Defendant reserves the right to amend or supplement this Notice of Removal.

## V. Conclusion

19. Accordingly, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which it is justly entitled.

Dated: November 14, 2025

**MARK FERRER & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: 305-374-0440

By: *s/ Yaniv Adar*
Yaniv Adar, Esq.
Florida Bar No. 63804
yaniv@mfh.law
eservice@mfh.law

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on November 14, 2025, which served same electronically upon all counsel of record.

*/s/ Yaniv Adar*
Yaniv Adar, Esq.